IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TALLY ANN ROWAN,

        Plaintiff,                                              ORDER

  v.

                                                                         09-cv-47-slc

PETER KILDE,

        Defendant.

---

On February 18, 2009, this court granted plaintiff leave to proceed on two claims against the director of West CAP for allegedly violating her constitutional rights when he terminated plaintiff's Section 8 rental assistance voucher. Before the court is plaintiff's letter requesting an indefinite stay of her case until she is moved from the Pierce County Jail. *See* dkt. 11. That request is denied without prejudice.

On April 30, 2009 this court held a telephonic preliminary pretrial conference at which I set deadlines and explained the way things work in this court. The court then sent plaintiff a detailed order providing further explanation and exhortations to plaintiff about keeping her case moving. The schedule included an August 17, 2009 deadline for plaintiff to disclose any expert witnesses, an October 30, 2009 deadline for filing dispositive motions, a March 19, 2010 discovery cutoff and a trial date of April 19, 2010.

Three and a half months later, plaintiff has written to this court complaining of her inability to work on this case while she was incarcerated at the Pierce County Jail. Although there appears to be some merit to a few of plaintiff's complaints, these are the types of issues plaintiff should have been looking into and dealing with last spring. An August 10, 2009 letter to plaintiff from Lt. Knoll at the jail reveals that plaintiff did not even seek any federal materials

from the jail until August 7, 2009. Lt. Knoll's letter also reveals that the Wisconsin Court of Appeals has entered an order at the jail freezing plaintiff's canteen account, and that plaintiff made other vague legal demands of the jail that the jail is unable to decipher or act on. Now plaintiff is asking this court for an indefinite stay of this case until she can get access to her documents, to federal statutes and to other materials.

The totality of circumstances persuades me that the court should not stay this case at this time. Plaintiff has not worked on this case diligently, so it is not clear whether she could have accomplished anything useful in May, June, or July if she had tried. Plaintiff does not say how long she will be incarcerated at the jail, so her situation may remain unchanged for quite some time. Additionally, there is the unexplained state court freeze on plaintiff's jail canteen account; why did the court impose this freeze and how will it affect plaintiff's ability to pay for photocopying, stamps or other discovery expenses now that I am directing plaintiff to get her act together and start seeking discoverable information from the defendant in this federal lawsuit?

Toward that end, I have enclosed with this order Federal Rules of Civil procedure 26 through 37 and 45, the rules that explain how to obtain discovery of relevant information, and Rule 56, which explains how summary judgment works. (The pretrial conference order and the court's written procedure governing summary judgment provide more thorough explanations of how summary judgment works; this court sent copies of both to plaintiff after the April 20 2009 preliminary pretrial conference). Plaintiff must use the discovery procedures to begin obtaining information relevant to her claims in this lawsuit. Plaintiff has wasted too much time already,

it is time for her to get more serious about pursuing her constitutional claims regarding her Section 8 housing.

Aside from this we will wait to see if the defendant files any dispositive motions, what the grounds are, and what sort of response might be required from plaintiff. Then I will determine whether the ends of justice require further action from the court to protect plaintiff's legitimate interests in this civil litigation.

It is ORDERED that plaintiff's request for a stay or other relief is DENIED without prejudice.

Entered this 2nd day of September, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge