IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TALLY ANN ROWAN,

                                                                     OPINION AND ORDER

Plaintiff,

                                                                     09-sv-047-slc

v.

PETER KILDE,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Tally Ann Rowan was allowed leave to proceed in forma pauperis against defendant Peter Kilde on her claims that he terminated her rent assistance under Section 8 of the United States Housing Act of 1937 without due process in violation of the Fourteenth Amendment and in retaliation for complaining about the nonpayment of a security deposit in violation of the First Amendment. Now before the court are the parties' cross motions for summary judgment and plaintiff's motion for a legal loan extension and access to the law library to prepare a reply brief in support of her motion for summary judgment. Dkt. ##28, 40 and 57.

As an initial matter, I note that there are several problems with plaintiff's motion for summary judgment. Most important, it was not timely filed. According to the May 4, 2009

1

Preliminary Pretrial Conference Order, dispositive motions were to be filed no later than October 30, 2009. Plaintiff did not file her dispositive motion until December 2, 2009. In addition, plaintiff has not followed the Procedure To Be Followed on Motions for Summary Judgment, attached to the Preliminary Pretrial Conference Order. Dkt. #10, at 17. First, plaintiff has proposed that have no relation to the dispute. Second, she has not limited each of jer proposed findings of fact to just one fact and she has not included any reference to admissible evidence supporting the fact. Therefore, plaintiff's motion for summary judgment must be denied for her failure to comply with the pretrial conference order and the court's summary judgment procedure. Her motion for an extension of a legal loan and access to the law library will be denied as moot.

    I turn now to the merits of defendant's motion for summary judgment. Defendant asserts that he was not personally involved in the termination of plaintiff's Section 8 voucher and, in the alternative, contends that the termination complied with federal law. I agree. The undisputed material facts show that defendant Kilde was not personally involved in either the decision to terminate plaintiff's voucher or in the process by which the termination occurred. Further, I find that plaintiff has supplied no evidence supporting her claims that the voucher was terminated in violation of federal law or in retaliation for her filing a complaint with defendant. Because defendant is entitled to judgment as a matter of law, I will grant his motion for summary judgment and close this case.

From defendant's proposed findings of fact and plaintiff's responses that are supported by admissible evidence, I find the following facts to be material and undisputed.

## UNDISPUTED FACTS

Plaintiff Tally Ann Rowan is an adult resident of Wisconsin, incarcerated at Taycheedah Correctional Institution in Fond Du Lac, Wisconsin.  Defendant Peter Kilde is the executive director of the West Central Wisconsin Community Action Agency, Inc. (commonly known as West CAP), an anti-poverty community action program agency operating in the counties of Barron, Chippewa, Dunn, Pepin, Polk, Pierce and St. Croix, Wisconsin.  The agency serves more than 5000 clients annually with more than 70 programs and 40 funding sources.  One of the programs that the agency administers is the federal Section 8 housing program in Pierce and St. Croix counties under the authority of the Wisconsin Housing and Economic Development authority.  Because of the large number of clients served by West CAP, defendant Kilde's role is managerial and he is not involved in the direct provision of services.

Plaintiff began receiving housing assistance under the Section 8 voucher program in Wisconsin in July 2007.  In 2007 and 2008, plaintiff signed a family obligations statement, agreeing to give West Cap a copy of any owner eviction notice and to pay her utility bills.

On November 13, 2008, Lori Newton, a program specialist at West CAP, sent plaintiff a notice of termination, telling her that plaintiff's eligibility for assistance was being terminated effective December 31, 2008. Newton wrote as follows:

> It has been brought to the attention of the Section 8 program that you have a judgment against you for the eviction from your last residence. This is a violation of the Section 8 program rules and regulations. Your rental assistance will be terminated as of December 31, 2008.

Newton advised plaintiff that she had the right to appeal this decision within 14 days. If an appeal was received, a review of the appeal would be scheduled with the Pierce and St. Croix Housing Choice Voucher Program Review Board. Newton sent the notice because she had learned that a judgment of eviction had been entered against plaintiff in July 2008 in favor of the landlord from whom plaintiff had leased her previous apartment under the Section 8 program. Defendant Kilde was not aware of the sending of the notice of termination or involved in sending it.

Plaintiff took a timely appeal of the decision. A letter was sent to plaintiff on November 18, 2008, acknowledging her appeal and scheduling an informal review for Tuesday, December 9, 2008. The letter informed plaintiff of her right to present supporting evidence on her own behalf at the hearing.

Sometime in middle to late November 2008, plaintiff left a voicemail message for defendant Kilde. There is no evidence indicating the exact date or content of the telephone

4

message.  However, in response to the message, defendant Kilde left a message for Greg Quinn at West CAP.  After hearing from Quinn, defendant was satisfied that plaintiff's concerns had been addressed and took no further action.

At plaintiff's request, the hearing was rescheduled to December 16, 2008.  Plaintiff was provided documentation that she had requested, including a copy of her lease and her 2007 and 2008 family obligation statements.  In early December 2008, plaintiff reqursted the opportunity to review her file and obtain a copy of it.  Although she was told that she could copy the file at the cost of five cents per page, she did not do so.

Plaintiff and her friend, Annette Gradient, attended the hearing before Jessica Rudiger, the West Cap hearing officer.  Lori Newton was also present.  Plaintiff did not dispute the fact that she had been evicted from her previous unit when she failed to move out after the lease expired.  Instead, she discussed why the landlord had chosen not to renew her lease.  She presented evidence that she had not paid her utility bills on the unit when they were due.

On December 29, 2008, Rudiger wrote plaintiff a letter, stating that after reviewing the regulations and submitted documentation, she was terminating plaintiff's voucher.  She stated, "You had violated family obligation rules because your lease was not renewed due to failure to pay utility charges."  Rudiger based her decision both on plaintiff's eviction and

5

her failure to pay utility bills. Defendant Kilde had no involvement in the hearing or in making the termination decision.

Defendant Kilde received a voicemail message from plaintiff on January 5, 2009. He contacted Quinn, who informed him of the action taken against plaintiff to terminate her Section 8 voucher. On January 12, 2009, after reviewing the documents that Quinn had sent him, defendant called plaintiff as a courtesy to inform her that he had reviewed the documents and that, in his view, the termination had been handled correctly.

OPINION

A. Personal Involvement

Plaintiff's federal claims are actionable under 42 U.S.C. § 1983. As explained in the screening order in this case, it is well established that liability under § 1983 must be based on a defendant's personal involvement in the constitutional violation. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995); Del Raine v. Williford, 32 F.3d 1024, 1047 (7th Cir. 1994); Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir. 1983) ("A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary."). "To be personally responsible, an official 'must know about the conduct

6

and facilitate it, approve it, condone it, or turn a blind eye.'" Johnson v. Snyder, 444 F.3d 579, 583-84 (7th Cir. 2006) (quoting Gentry, 65 F.3d at 561).

Plaintiff has submitted no evidence to contradict the affidavits of defendant, Newton and Rudiger, all of who, aver that defendant had no involvement in the decision to terminate her Section 8 voucher or in the process by which it was terminated. Although it is undisputed that plaintiff contacted defendant around the time that she received notice of her voucher termination, she has no evidence to support her allegation that she complained to defendant or informed him about the voucher termination. Following a second voice mail message from plaintiff on January 5, 2009, defendant learned of the action taken against plaintiff to terminate her Section 8 voucher. He admits reviewing documents and calling plaintiff as a courtesy to inform her that in his view, the termination had been handled correctly. However, plaintiff has no evidence that defendant had any authority to rectify the situation even if had thought the voucher was terminated wrongly. At that point, the decision to terminate plaintiff's voucher was final because plaintiff had appealed it unsuccessfully.

Defendant cannot be held liable for the actions of his subordinates. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009) (government officials may not be held liable for unconstitutional conduct of their subordinates under theory of respondeat superior, only for

7

their own individual actions or omissions.  Therefore, he is entitled to summary judgment on both of plaintiff's claims.  In any event, those plaintiff's claims also fail on their merits.

## B.  Retaliation

To prevail on her § 1983 retaliation claim, plaintiff must prove that 1) she was engaged in constitutionally protected speech; 2) public officials took adverse actions against her; and 3) the adverse actions were motivated at least in part as a response to plaintiff's protected speech.  Mosely v. Board of Education of Chicago, 434 F.3d 527, 533 (7th Cir. 2006).  Although plaintiff alleged in her complaint that defendant retaliated against her for complaining in November 2008 that his agency had not paid the deposit on her apartment, she has adduced no evidence to that effect.  In addition, West CAP had legitimate reasons for terminating plaintiff's voucher:  her eviction and her failure to pay her utility bills.  24 C.F.R. § 982.552(b)(2) (eviction for serious lease violation requires termination of benefits); 24 C.F.R. § 982.552(c)(1)(i) (violation of family obligations requires termination of benefits); 24 C.F.R. § 982.551(c) (failure to pay utilities is family obligation).

Because plaintiff has failed to adduce sufficient evidence from which a reasonable jury could find that defendant retaliated against her in violation of the First Amendment, defendant's motion for summary judgment will be granted with respect to this claim.

C.  Due Process

The due process clause of the Fourteenth Amendment guarantees that a state actor cannot deprive someone of a property interest without fair procedure. Gonzaga University v. Doe, 536 U.S. 273, 279 (2002) (1983); Zinermon v. Burch, 494 U.S. 113, 125 (1990). Federal courts have found that continued participation in the Section 8 voucher program is a property interest protected by the requirement of procedural due process, at least until the voucher expires or is terminated for good reason. Davis v. Mansfield Metropolitan Housing Authority, 751 F.2d 180, 184 (6th Cir. 1984); Simmons v. Drew, 716 F.2d 1160, 1162 (7th Cir. 1983); Stevenson v. Mills, 579 F. Supp. 2d 913, 919 (N.D. Ohio 2008); Chesir v. Housing Authority City of Milwaukee, 801 F. Supp. 244, 248 (E.D. Wis. 1992). Public housing authorities must comply with regulations promulgated by the Department of Housing and Urban Development in administering Section 8 vouchers. 24 C.F.R. § 982.52(a). The department's regulations have the force of law and qualify as enforceable rights under § 1983. If they are sufficiently specific and definite. Wright v. City of Roanoke Redevelopment and Housing Authority, 479 U.S. 418, 431 (1987) (allowing tenants to use § 1983 to recover past overcharges violating rent-ceiling provision of Public Housing Act); see also Price v. Pierce, 823 F.2d 1114, 1122 (7th Cir. 1987) ("Section 1983 may be used as a vehicle for suing state housing officials, such as the head of [a state housing agency], for [the deprivation of] rights under federal housing law.").

Federal regulations require a public housing authority terminating a voucher recipient's rent assistance to provide the recipient with the following: 1) notice of the reason(s) for the decision, § 982.554(a); 2) an opportunity for informal review, § 982.554(b); 3) prompt written notice that the recipient may request an informal hearing §§ 982.555(a) and (c)(2); and 4) the opportunity to review relevant documents before the hearing and present evidence at the hearing, §§ 982.555(e)(2) and (5). The undisputed facts show that all of these procedures were followed in denying plaintiff's voucher. In a letter dated November 13, 2008, Newton informed plaintiff that her voucher was being terminated because she had been evicted and that plaintiff could request an informal hearing, which plaintiff did. Before the hearing, plaintiff was provided with relevant documents, including a copy of her lease and the 2007 and 2008 family obligation statements. Although plaintiff argues that she should have been allowed to review her file at the hearing, she was given that opportunity before the hearing but chose not to take advantage of it. Finally, plaintiff presented evidence at the hearing in support of her appeal.

Plaintiff is correct that the reason given for the decision to terminate her Section 8 voucher in the November 13, 2008 letter (that she had been evicted) was different from the reason given by Rudiger after her appeal (that she did not pay her utility bills). However, in her declaration, Rudiger states that in deciding plaintiff's appeal she considered both the prior eviction and plaintiff's failure to pay her utility bills. That an additional reason

10

surfaced in support of the termination decision does not mean that plaintiff did not receive proper notice. Even if the hearing officer did not consider plaintiff's failure to pay her utility bills, she would have upheld the termination of plaintiff's voucher in light of plaintiff's eviction.

Because the undisputed facts show that plaintiff received the procedural due process protections required by federal law when her Section 8 voucher was terminated, defendant is entitled to summary judgment on plaintiff's procedural due process claim.

ORDER

IT IS ORDERED that

1. Defendant Peter Kilde's motion for summary judgment, dkt. #28, is GRANTED.

2. Plaintiff Tally Ann Rowan's motion for summary judgment, dkt. #40, is DENIED as untimely and for her failure to follow this court's summary judgment procedures.

3. Plaintiff's motion for a legal loan extension and access to the law library, dkt. #57, is DENIED as moot.

4. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 8th day of February, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

12