IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TALLY ANN ROWAN,

                                              OPINION AND ORDER

          Plaintiff,

                                              09-cv-047-bbc

    v.

PETER KILDE,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On February 8, 2010, I granted defendant Peter Kilde's motion for summary judgment on plaintiff Tally Ann Rowan's claims that defendant terminated her rent assistance in violation of the First and Fourteenth Amendments. Dkt. #69. I found that defendant was not personally involved in the termination of plaintiff's Section 8 voucher and, in the alternative, that the termination complied with federal law. I also denied plaintiff's motion for summary judgment because she filed it late and did not follow this court's procedures with respect to summary judgment motions. Plaintiff has moved for reconsideration of that order. Dkt. #73.

Plaintiff asserts that this court erred in finding her motion for summary judgment untimely because, although the deadline for filing dispositive motions was November 30,

1

2009, Magistrate Judge Crocker gave her an extension until December 2009. However, a review of the court record shows that dispositive motions were due October 30, 2009. Dkt. #10. The deadline for filing *response briefs* was November 30, 2009. That day, plaintiff requested an extension within which to file her brief. Dkt. #38. The magistrate judge granted her request, extending plaintiff's response deadline until December 2. Plaintiff filed both her response to defendant's motion and her own motion on December 2. However, at that point, plaintiff had missed the October deadline for filing motions for summary judgment.

      Plaintiff next contends that she disputes the facts found by the court and summarizes the evidence that she intended to present at trial. However, as made clear in the <u>Procedure To Be Followed on Motions for Summary Judgment</u>, attached to the Preliminary Pretrial Conference Order, dkt. #10, at 18, "[u]nless the responding party puts into dispute a fact proposed by the moving party, the court will conclude that the fact is undisputed." As explained in the summary judgment order, plaintiff failed to dispute with admissible evidence the fact that defendant was not personally involved in either the decision to terminate her voucher or in the process by which the termination occurred. Further, plaintiff supplied no evidence supporting her claims that the voucher was terminated in violation of federal law or in retaliation for her filing a complaint with defendant. Although plaintiff contends that she could have proved her case at trial or that the court could have

2

subpoenaed relevant evidence, it is plaintiff's responsibility to gather and submit any evidence that she believes necessary to support her claims in responding to defendant's motion for summary judgment.

In sum, because plaintiff has failed to show that the court erred in reaching its decision on defendant's motion for summary judgment, her motion for reconsideration of that decision will be denied.

## ORDER

IT IS ORDERED that plaintiff Tally Ann Rowan's motion for reconsideration of this court's order entering summary judgment for defendant, dkt. #73, is DENIED.

Entered this 4th day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3