IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TALLY ANN ROWAN,

                    ORDER

        Plaintiff,

                    09-cv-047-bbc

    v.

PETER KILDE,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On February 8, 2010, I granted defendant Peter Kilde's motion for summary judgment on plaintiff Tally Ann Rowan's claims that defendant terminated her rent assistance in violation of the First and Fourteenth Amendments. Dkt. #69. I found that defendant was not personally involved in the termination of plaintiff's Section 8 voucher and, in the alternative, that the termination complied with federal law. I also denied plaintiff's motion for summary judgment because she filed it late and did not follow this court's procedures with respect to summary judgment motions. On March 5, 2009, I denied plaintiff's motion for reconsideration. Dkt. #81. Now before the court is plaintiff's notice of appeal. Dkt. # 76.

1

Because plaintiff has not paid the $455 fee for filing a notice of appeal, I construe the notice as including a request for leave to proceed in forma pauperis on appeal.  A district court has authority to deny a request for leave to proceed in forma pauperis under 28 U.S.C. § 1915 for one or more of the following reasons:  the litigant wishing to take an appeal has not established indigence, the appeal is in bad faith or the litigant is a prisoner and has three strikes.  § 1915(a)(1),(3) and (g). Sperow v. Melvin, 153 F.3d 780, 781 (7th Cir. 1998).  Plaintiff has accumulated the following three strikes:  Rowan v. Pierce County Jail, 09-cv-612-slc (October 10, 2009); Rowan v. Pierce County Jail, 09-cv-615-slc (October 14, 2009); and Rowan v. Pierce County Jail, 09-cv-614-slc (December 18, 2009).

Because plaintiff has accumulated three strikes, she cannot file any new lawsuit or an appeal without prepaying the filing fee so long as she is incarcerated unless she can show that she is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  Plaintiff has not made the required showing of imminent danger of a serious physical injury in this case.  Therefore, she cannot take advantage of the initial partial payment provision of § 1915.  She owes the $455 fee in full immediately.

Plaintiff may delay payment of the $455 fee under one other circumstance; that is, if she challenges in the court of appeals within thirty days of the date she receives this order the decision to deny her request for leave to proceed in forma pauperis on appeal because of her § 1915(g) status.  Fed. R. App. P. 24(a)(5).  If  the court of appeals decides that

2

plaintiff does not have three strikes, then the matter will be remanded to this court for a determination whether plaintiff's appeal is taken in good faith.  If the court of appeals determines that the district court was correct in finding that § 1915(g) bars plaintiff from taking her appeal in forma pauperis, the $455 filing fee payment will be due in full immediately.  Whatever the scenario, plaintiff is responsible for insuring that the required sum is remitted to the court at the appropriate time.

ORDER

IT IS ORDERED that plaintiff's request for leave to proceed in forma pauperis on appeal is DENIED because three strikes have been recorded against plaintiff under 28 U.S.C. § 1915(g).  Further, IT IS ORDERED that the clerk of court insure that plaintiff's obligation to pay the $455 is reflected in this court's financial records.

Entered this 9th day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3